# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| DAVID SATTER<br>5331 Nevada Avenue, NW<br>Washington, D.C. 20015 | * * * * | |
| Plaintiffs | * * | |
| v. | * * | Civil Action No. 16-1749 |
| DEPARTMENT OF JUSTICE<br>950 Pennsylvania Avenue, NW<br>Washington, D.C. 20530 | * * * * | |
| and | * * | |
| DEPARTMENT OF STATE<br>2401 E Street, NW<br>Washington, D.C. 20037 | * * * * | |
| and | * * | |
| OFFICE OF THE DIRECTOR<br>OF NATIONAL INTELLIGENCE<br>Washington, D.C. 20511 | * * * * | |
| and | * * | |
| DEPARTMENT OF DEFENSE<br>1000 Defense Pentagon<br>Washington, D.C. 20301-1000 | * * * * | |
| and | * * | |
| CENTRAL INTELLIGENCE AGENCY<br>Washington, D.C. 20505 | * * * | |
| Defendants. | * * | |

\* \* \* \* \* \* \* \* \* \* \* \*

## COMPLAINT

This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, et seq., as amended, for the disclosure of agency records held by the defendants Department of Justice, Department of State, Office of the Director of National Intelligence, Department of Defense and Central Intelligence Agency.

## JURISDICTION

1. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the defendant pursuant to 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1331.

## VENUE

2. Venue is appropriate under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. § 1391.

## PARTIES

3. Plaintiff David Satter ("Mr. Satter") is an American citizen and resident of the District of Columbia. Mr. Satter is a Senior Fellow at the Hudson Institute, a Fellow of the Foreign Policy Institute of the John Hopkins University School of Advanced International Studies, and a former correspondent for Radio Liberty.

4. Defendant Department of Justice ("DOJ") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Mr. Satter that are the subject of this action. DOJ controls – and consequently serves as the proper party defendant for litigation purposes for – the Federal Bureau of Investigation ("FBI").

5. Defendant Department of State ("State") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Mr. Satter that are the subject of this action.

6. Defendant Office of the Director of National Intelligence ("ODNI") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Mr. Satter that are the subject of this action.

7. Defendant Department of Defense ("DoD") is an agency within the meaning of 5 U.S.C. § 552 (e), and is in possession and/or control of the records requested by Mr. Satter that are the subject of this action. DoD controls – and consequently serves as the proper party defendant for litigation purposes for – the Defense Intelligence Agency ("DIA").

8. Defendant CIA is an agency within the meaning of 5 U.S.C. § 552 (e) and 5 U.S.C. § 552a(a)(1), and is in possession and/or control of the records requested by Mr. Satter that are the subject of this action.

## FIRST CAUSE OF ACTION

9. By letter dated July 25, 2016, Mr. Satter submitted a FOIA request to the FBI. The request sought copies of records created, received and/or maintained by the FBI concerning the 1999 bombings of Russian apartment buildings in Moscow, Buynaksk and Volgodonsk.

10. Mr. Satter specified that the FBI could limit its search to the following categories:

   1) Records memorializing, as well as those ultimately relied upon in reaching, a final determination of the individuals and (if applicable) governments or organizations responsible for the bombings;

   2) Records memorializing any analyses of the relevance of the purported training exercises on the night of September 22, 1999, in Ryazan, prior to the bombing in Ryazan on September 23, 1999;

3) Records memorializing any analyses of the September 13, 1999, statement made by Speaker of the State Duma Gennady Seleznev ("Speaker Seleznev") concerning the Volgodonsk bombing, including any assessments of the credibility of the factual remarks contained within the statement - *http://mreadz.com/read306241/p45* (last accessed July 19, 2016);

4) Records memorializing any investigation into, as well as final conclusions regarding, the allegation that the Federal Security Service ("FSB") replaced the original sketch of the person alleged to have taken part in the bombing of the building on Guryanova Street in Moscow; and

5) Records memorializing any investigation into, as well as final conclusions regarding, the causes of death of Sergei Yushenkov and Yuri Shchekochikhin - *https://cpj.org/killed/ 2003/yuri-shchekochikhin.php* (last accessed July 19, 2016).

11. In the FOIA request, Mr. Satter argued that the privacy interests of implicated third parties were outweighed by the public interest in disclosure of the requested records. Mr. Satter further argued that a fee waiver or, at a minimum, a reduction in fees (including designation as a representative of the news media) was warranted.

12. By letter dated August 1, 2016, the FBI acknowledged receipt of the request and assigned it Request Number 1355011-000.

13. As far more than twenty working days have elapsed without a substantive response from the FBI, Mr. Satter has constructively exhausted all required administrative remedies.

14. Mr. Satter has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by the FBI of said right.

## SECOND CAUSE OF ACTION

15. By letter dated July 25, 2016, Mr. Satter submitted a FOIA request to State. The request sought copies of records created, received and/or maintained by State concerning the 1999 bombings of Russian apartment buildings in Moscow, Buynaksk and Volgodonsk.

16. Mr. Satter realleges paragraphs 10 and 11, in that the scope of the specific categories at issue in the request, as well as the arguments in favor of an overriding public interest in disclosure and for a few waiver, are identical to those made with respect to the request submitted to the FBI.

17. By letter dated August 5, 2016, State acknowledged receipt of the request and assigned it Request Number F-2016-08858.

18. As far more than twenty working days have elapsed without a substantive response from State, Mr. Satter has constructively exhausted all required administrative remedies.

19. Mr. Satter has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by State of said right.

## THIRD CAUSE OF ACTION

20. By letter dated July 25, 2016, Mr. Satter submitted a FOIA request to ODNI. The request sought copies of records created, received and/or maintained by ODNI concerning the 1999 bombings of Russian apartment buildings in Moscow, Buynaksk and Volgodonsk.

21. Mr. Satter realleges paragraphs 10 and 11, in that the scope of the specific categories at issue in the request, as well as the arguments in favor of an overriding public interest in disclosure and for a few waiver, are identical to those made with respect to the request submitted to the FBI.

22. By letter dated July 27, 2016, the ODNI acknowledged receipt of the request and assigned it Request Number DF-2016-00272.

23. As far more than twenty working days have elapsed without a substantive response from ODNI, Mr. Satter has constructively exhausted all required administrative remedies.

24. Mr. Satter has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by ODNI of said right.

## **FOURTH CAUSE OF ACTION**

25. By letter dated July 25, 2016, Mr. Satter submitted a FOIA request to the DIA. The request sought copies of records created, received and/or maintained by the DIA concerning the 1999 bombings of Russian apartment buildings in Moscow, Buynaksk and Volgodonsk.

26. Mr. Satter realleges paragraphs 10 and 11, in that the scope of the specific categories at issue in the request, as well as the arguments in favor of an overriding public interest in disclosure and for a few waiver, are identical to those made with respect to the request submitted to the FBI.

27. As far more than twenty working days have elapsed without a substantive response from DIA, Mr. Satter has constructively exhausted all required administrative remedies.

28. Mr. Satter has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by DIA of said right.

## FIFTH CAUSE OF ACTION

29. By letter dated July 25, 2016, Mr. Satter submitted a FOIA request to the CIA. The request sought copies of records created, received and/or maintained by the CIA concerning the 1999 bombings of Russian apartment buildings in Moscow, Buynaksk and Volgodonsk.

30. Mr. Satter realleges paragraphs 10 and 11, in that the scope of the specific categories at issue in the request, as well as the arguments in favor of an overriding public interest in disclosure and for a few waiver, are identical to those made with respect to the request submitted to the FBI.

31. As far more than twenty working days have elapsed without a substantive response from the CIA, Mr. Satter has constructively exhausted all required administrative remedies.

32. Mr. Satter has a legal right under FOIA to obtain the information he seeks, and there is no legal basis for the denial by the CIA of said right.

WHEREFORE, plaintiff David Satter prays that this Court:

(1) Orders the defendants to disclose the requested records in their entirety and make copies promptly available to him;

(2) Award reasonable costs and attorney's fees as provided in 5 U.S.C. § 552 (a)(4)(E) and/or 28 U.S.C. § 2412 (d);

(3) Expedite this action in every way pursuant to 28 U.S.C. § 1657 (a); and

(4) Grant such other relief as the Court may deem just and proper.

Date:   August 29, 2016

                            Respectfully submitted,

                                  /s/
                           _____
                           Bradley P. Moss, Esq.
                           D.C. Bar #975905
                           Mark S. Zaid, Esq.
                           D.C. Bar #440532
                           Mark S. Zaid, P.C.
                           1250 Connecticut Avenue, N.W.
                           Suite 200
                           Washington, D.C. 20036
                           (202) 454-2809
                           (202) 330-5610 fax
                           Brad@MarkZaid.com
                           Mark@MarkZaid.com

                           Attorneys for Plaintiff